### RUFUS MORANGE *v.* CHARLES EDWARDS.

A bond to discharge an attachment, in the marine court, upon property of a non-resident, should be executed to the constable holding the attachment; and where its condition is forfeited, it should be assigned by him to the party for whose benefit it was taken.

In an action upon it, the obligee cannot object to the amount recovered upon the judgment in the original suit.

Where the bond was not conditioned for the appearance of the defendant, nor for the production of the attached property, to answer an execution, but provided for the payment by the obligee of any judgment which might be obtained in the action; it was held unauthorized by law.

A bond in such cases is not a voluntary one, but is taken *colore officii*, and if not given in the form prescribed by law, it is void.

It is not necessary that the assignment of a bond should be under seal.

An execution is not required to remain with the officer sixty days. But if he return it sooner, unsatisfied, he does so at his own risk.

THE plaintiff in this suit brought an action by attachment in the marine court, against John Doe, master of the English ship "Vivid," for wages as a sailor. The defendant here, appeared as attorney in that action, and obtained a discharge of the attachment by executing a bond *to the constable*, conditioned that the obligor, Charles Edwards, should pay any judgment, with costs, charges, and legal expenses, which might be recovered in the said action.

The plaintiff obtained a judgment and issued execution,

which was returned within five days, "no goods or chattels, and that the defendant could not be found." At the request of the attorney for the plaintiff, the constable assigned the bond to him by a writing thereon, not under seal; and he thereupon commenced this action against the obligee, in the marine court, and recovered a judgment, from which the defendant appealed.

On the trial it was urged by the defendant, that the original judgment was erroneous, in having included therein, as a part of the costs, fees paid by the constable to his deputy for taking charge of the vessel while held by virtue of the attachment; that the constable was bound to act, not by deputy, but in person. This and other points are stated in the opinion.

*Charles Edwards,* appellant in person.

*Alanson Nash,* attorney for the respondent.

By the Court. Ingraham, First J.—Whether the bond in the case was taken under an attachment issued in lieu of the warrant as formerly allowed against non-residents, (2 R. L. p. 381, § 118,) or under the provisions of the 32d section of 2 R. S. p. 231, as made applicable by the act to abolish imprisonment; we think it was properly taken in the name of the constable, and that it may be assigned by him to the party for whose benefit the bond was taken. There is nothing in the statute preventing the assignment, and the authority to assign belongs to the general powers and duties which the officer is called upon to exercise and discharge.

It is not necessary that an execution should remain in the hands of the officer sixty days. The return cannot be sooner compelled, but the officer may, of course, at his own risk, return it sooner, if he is prepared to say there is no property. An assignment of a bond is good, though not under seal. Sheriffs' bonds were always so assigned.

Proof that the attachment was lost, was sufficient to dispense with its production, if such production was necessary.

It is too late to object to the amount of the recovery on the original judgment. The remedy was on the appeal upon the original judgment, and not on the trial upon the bond.

The foregoing disposes of all the questions which arise on this appeal, excepting one respecting the validity of the bond. The condition of this bond is *not* to provide for the appearance of the defendant, or for the forthcoming of the goods to answer the execution, but to provide for the payment of the amount of the judgment rendered in the original action. We can find no authority for taking such a bond. The goods may not have been equal in value to the amount recovered, and yet the obligors under this bond would be held liable to pay the whole judgment without reference to the goods surrendered.

Nor can it be said that this was a voluntary bond. It was taken *colore officii*, and the debtor was compelled to give it, or have his property taken from him. We have been referred to no provision of any statute authorizing such a bond, and unless so provided for, the objection made to it by the defendant must be sustained.

Judgment reversed.